STATE vs. JENNIE M. GRUNER.

NEWPORT—APRIL 17, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Criminal Law.  Intoxicating Liquors.*

A party may be guilty of illegally keeping liquor for sale, though the title to liquor sold was in another.

(2) *Criminal Law.  Intoxicating Liquors.  Husband and Wife.*

Where defendant testified that she owned the property, had the key to the place where the liquors were stored, owned the furniture and her husband owned the liquors, a ruling as to presumption of ownership by her husband was immaterial.

(3) *Criminal Law.  Intoxicating .Liquors.*

Upon a complaint for the illegal sale of liquor, the fact that in a proceeding for forfeiture of the liquors the husband of the defendant had been summoned but did not appear as claimant would furnish no implication or ground of defence in the case at bar.

(4) *Criminal Law.  Intoxicating Liquors.  New Trial.  Evidence.*

Where, in answer to a question calling for a conversation with defendant, witness stated what he said to defendant but gave no reply, the error, if any, is harmless and no ground for new trial.

CRIMINAL COMPLAINT.  Heard on petition of defendant for new trial, and petition denied.

PER CURIAM.  The court is of opinion that there was evidence sufficient to sustain the verdict, from defendant's ownership, occupancy, and apparent control of the property; evidence tending to show selling in the absence of her husband, and her own admissions.

(1)     There was no error in refusing to charge as requested.

The defendant may be guilty of illegally keeping liquor for sale, even though the title to the liquors sold was in another.

(2)     The testimony of the defendant shows that she owned the property; that she had the key to the place where the liquors were stored; that the furniture was hers;  and she testified that her husband owned the liquors.  A ruling, therefore, as to presumption of ownership by her husband was immaterial.

(3)     The fact that in a proceeding for forfeiture of the liquors the husband had been summoned but did not appear as claimant would furnish no implication or ground of defence in this case.

(4)     The only exception to evidence as shown in the record was to a question apparently calling for a conversation with the defendant.  The witness stated what he said to her, but no reply was given.  If this was error, which we cannot determine

from the record, it was harmless and is no ground for a new trial.

· Petition for new trial denied.

*William B. Greenough, Asst. Attorney-General,* for State.
*John C. Burke,* for defendant.